Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Nicholas Rosenthal (State Bar No. 268297)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Aggrieved Employees

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN ESCOBAR, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CAPSTONE LOGISTICS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-02501-WBS-JDP<br><br>**FIRST AMENDED REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF CAL. LABOR CODE §§ 2698,** *ET SEQ.*<br><br><u>**DEMAND OVER $25,000.00**</u> |

Plaintiff Ivan Escobar ("Plaintiff") hereby submits this First Amended Representative Action Complaint ("FAC") against Defendant Capstone Logistics, LLC ("Defendant") and Does 1 through 50 (hereinafter collectively referred to as "Defendants") on behalf of himself and other Aggrieved Employees of Defendants for penalties for violations of the California Labor Code, including without limitation, failure to provide employees with accurate itemized wage statements as follows:

## INTRODUCTION

1. This representative action is within the Court's jurisdiction under California Labor Code section 2698 *et seq*.

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in Defendants' failure to provide accurate payroll records.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code, by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

5. Defendant maintains that the Court has jurisdiction over this action under the Class Action Fairness Act. Plaintiff reserves the right to challenge Defendant's jurisdiction analysis at the appropriate time.

6. Venue is proper in the United States District Court, Eastern District of California because Defendant operates in San Joaquin County, and Plaintiff was employed by Defendant in San Joaquin County.

## PARTIES

7. Plaintiff was hired by Defendant on or about April 13, 2020, as a Material

1  Handler. Plaintiff worked as an hourly non-exempt employee.

2        8.     Plaintiff was and is the victim of the policies, practices, and customs of
3  Defendants complained of in this action in ways that have deprived him of the rights guaranteed
4  by California Labor Code section 2698 *et seq*.

5        9.     Plaintiff is informed and believes, and based thereon alleges, that Capstone
6  Logistics, LLC is a Delaware limited liability company that provides supply chain management
7  services, including transportation, warehousing, and fulfillment services, to businesses
8  throughout the United States and State of California, including locations in Stockton, California.

9        10.    Plaintiff is informed and believes, and based thereon alleges, that at all times
10 herein mentioned Defendants are and were business entities, individuals, and partnerships,
11 licensed to do business and actually doing business in the State of California. As such, and based
12 upon all the facts and circumstances incident to Defendants' business, Defendants are subject to
13 California Labor Code section 2698 *et seq*.

14       11.    Plaintiff does not know the true names or capacities, whether individual, partner
15 or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason,
16 said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this
17 complaint when the true names and capacities are known. Plaintiff is informed and believes and
18 based thereon alleges that each of said fictitious defendants was responsible in some way for the
19 matters alleged herein and proximately caused Plaintiff and members of the general public and
20 class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

21       12.    At all times herein mentioned, each of said Defendants participated in the doing
22 of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the
23 Defendants, and each of them, were the agents, servants and employees of each of the other
24 Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were
25 acting within the course and scope of said agency and employment.

26       13.    Plaintiff is informed and believes, and based thereon alleges, that at all times
27 material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or
28 joint venturer of, or working in concert with each of the other co-Defendants and was acting

within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

14. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

16. Defendant uniformly administered a corporate policy, practice of failing to provide proper payroll records in violation of Labor Code section 226. Plaintiff is informed and believes, and based thereon alleges, that this corporate conduct is accomplished with the advanced knowledge, intent and willfulness.

17. As with other non-exempt California employees, Plaintiff was not provided proper and accurate itemized wage statements. Specifically, when "Premium" wages were paid, the wage statements failed to identify the correct rates of pay and/or hours worked.

18. The California Labor Code sections upon which Plaintiff bases these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

19. Such a pattern, practice and uniform administration of corporate policy regarding

illegal payroll practices described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Aggrieved Employees, in a civil action, for applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code section 2698 *et seq.* and Code of Civil Procedure section 1021.5.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 2698, *ET SEQ.*

## (BY PLAINTIFF, ON BEHALF OF THE STATE AND AGGRIEVED EMPLOYEES, AGAINST ALL DEFENDANTS)

20. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

21. Defendant failed in its affirmative obligation to provide accurate itemized wage statements. Defendant, as a matter of policy and practice, did not provide accurate records in violation of Labor Code section 226(a).

22. Plaintiff and the Aggrieved Employees were paid on an hourly basis. As such, the wage statements should have reflected all hours worked for each applicable hourly rate, pursuant to Labor Code section 226(a)(9). The wage statements provided to Plaintiff and the Aggrieved Employees failed to accurately identify such information. More specifically, when "Premium" wages were paid, the wage statements do not identify the correct rates of pay and/or hours worked.

23. Plaintiff brings this cause of action as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees from May 13, 2019, through the present, for Defendant's violations of Labor Code section 226(a), arising from Defendant's failure to provide proper payroll records.

24. On or about October 30, 2020, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendant's violations of Labor Code section 226(a), pursuant to Labor Code section 2698, *et seq.*, the Private Attorneys General Act ("PAGA"). To date, the LWDA has not responded to Plaintiff's written notice.

25. As such, pursuant to Labor Code section 2699(a), Plaintiff seeks recovery of any

and all applicable civil penalties for Defendant's violation of Labor Code section 226(a), for the time period described above, on behalf of himself and other Aggrieved Employees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. Upon the First Cause of Action, for civil penalties according to proof pursuant to Labor Code section 2698, *et seq.*, and for costs and attorneys' fees;

2. On all causes of action for attorneys' fees and costs as provided by California Labor Code section 2699, and Code of Civil Procedure section 1021.5; and

3. For such other and further relief the Court may deem just and proper.

DATED: February 11, 2021                    DIVERSITY LAW GROUP, P.C.

By: _____
Larry W. Lee
Kristen M. Agnew
Nicholas Rosenthal
Attorneys for Plaintiff and the Aggrieved Employees