UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| IVAN ESCOBAR, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>CAPSTONE LOGISTICS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive<br><br>        Defendants. | No. 2:20-cv-02501-WBS-JDP<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND |

----oo0oo----

Plaintiff Ivan Escobar ("plaintiff") brought this action against Capstone Logistics, LLC ("Capstone") and Does 1 through 50, asserting violations of California Labor Code § 226(a) and California Labor Code § 2698, and purporting to sue on behalf of himself and "[a]ll current and former employees of Capstone in the state of California who were paid "Premium" wages at any time between May 13, 2019, through the present." (See

1

1   Compl.) (Docket No. 1, at Ex. 1.)

2       Defendant Capstone removed the case to this court
3   asserting diversity jurisdiction under 28 U.S.C. § 1332(d)(2),
4   the Class Action Fairness Act of 2005 ("CAFA").  However, after
5   reviewing his arbitration agreement with defendant, which would
6   effectively bar any class claims, plaintiff filed a First Amended
7   Complaint ("FAC") which eliminated the class action claims and
8   solely asserts claims under the Private Attorneys General Act
9   ("PAGA"), California Labor Code § 2968, et seq. (See generally
10  First Am. Compl.) (Docket No. 12.)  Before the court now is
11  plaintiff's Motion to Remand. (See Mot. to Remand.) (Docket No.
12  7.)

13  I.   Factual and Procedural Background

14      Plaintiff Ivan Escobar was hired by Capstone on or
15  about April 13, 2020 as a Material Handler, and worked as an
16  hourly non-exempt employee.  (See First Am. Compl. at ¶ 7.)
17  Capstone is a Delaware limited liability company that provides
18  supply chain management services, including transportation,
19  warehousing, and fulfillment services, to businesses throughout
20  the United States and California.  (Id. at ¶ 9.)  Plaintiff
21  contends that Capstone uniformly administered a corporate policy
22  and practice of failing to provide proper payroll records in
23  violation of California Labor Code § 226.  (Id. at ¶ 16.)
24  Plaintiff states that when "premium" wages were paid, the wage
25  statements failed to identify the correct rates of pay and/or
26  hours worked.  (Id. at ¶ 17.)  He seeks penalties on behalf of
27  all aggrieved hourly employees who were paid "premium" wages from
28  May 13, 2019 through the present for Capstone's violations of

California Labor Code § 226(a).  (Id. at ¶ 22.)

II. Discussion

Plaintiff does not dispute that there is complete diversity between himself and the defendant.  Although California may be a real party in interest to a PAGA action because most of the penalties recovered in a PAGA action ultimately accrue to the California Labor Workforce & Development Agency, this does not convert California into an actual party to all PAGA litigation.  See Archila v. KFC U.S. Props., Inc., 420 F. App'x 667, 668 (9th Cir. 2011).  However, plaintiff argues that the court lacks diversity jurisdiction under 28 U.S.C. § 1332 because after the dismissal of his class claims the amount in controversy does not exceed $75,000, exclusive of interests and costs.[1]

The amount in controversy includes "all relief claimed at the time of removal to which the plaintiff would be entitled if [he] prevails."  See Chavez. v. JPMorgan Chase & Co., 888 F.3d 413, 418 (9th Cir. 2018).  To determine the amount in controversy, courts must first look to the face of the pleadings.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938).

Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy

---

[1] Although defendant did not address this issue at the hearing on this motion, and seemed to concede that the court had only supplemental jurisdiction over plaintiff's PAGA claims, this issue was mentioned at length in the parties' motions and will accordingly be addressed here.

exceeds the jurisdictional threshold." See Urbino v. Orkin Servs. of Cal., Inc., 726 F.3d 1118, 1121-22 (9th Cir. 2013). The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees under fee shifting statutes." See Gonzalez v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016). Conclusory allegations as to the amount in controversy are insufficient. See Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017). In assessing the amount in controversy, the court may consider allegations in the complaint and in the notice of removal, as well as summary-judgment type evidence relevant to the amount in controversy.[2] See Chavez, 888 F.3d at 416 (internal citations omitted).

Under PAGA, civil penalties recovered by aggrieved employees are distributed as follows: "75 percent to the Labor and Workforce Development Agency ["LWDA"] and 25 percent to the aggrieved employees." Cal. Lab. Code § 2699(i). In Urbino, the Ninth Circuit made clear that the "amount in controversy" in PAGA

---

[2] Defendant has submitted factual allegations regarding the number of "premium" wage statements that were paid to plaintiff, the number of non-exempt employees in California paid "premium" wages, and the number of wage statements issued to those employees which reflected "premium" wages, supported by a declaration from defendant's payroll manager, Megan Nagel, under penalty of perjury. (See Opp'n to Mot. to Remand at Ex. 2, Decl. of Meghan Nagel in Support of Opp'n to Mot to Remand("Nagel Decl.") (Docket No. 11).) This type of evidence has previously been found sufficient to support removal. See Jones v. Tween Brands, Inc., No. 2:14-cv-1631-ODW (PLAx), 2014 WL 1607636 at *3 (C.D. Cal. Apr. 22, 2014); Muniz v. Pilot Travel Ctrs. LLC, No. Civ. S-07-0325 FCD EFB, 2007 WL 1302504 at * 5 (E.D. Cal. May, 1, 2007).

4

only actions cannot be met by aggregating the penalties recoverable on behalf of all aggrieved employees.  See Urbino, 726 F.3d at 1122.  Thus, the court cannot consider the recovery that other aggrieved employees would receive in assessing the amount in controversy.

However, district courts in California have disagreed as to whether the LWDA's portion of potential PAGA penalties can be aggregated with an individual plaintiff's portion of the penalties to satisfy the amount in controversy requirement. Compare e.g. Hesselink v. Am. Family Life Assurance Co. of Columbus, Case No. SACV 20-02051-CJC (DFMx), 2020 WL 7768711, (S.D. Cal. Dec. 30, 2020) at *3 (holding that the state's 75% share cannot be aggregated with the plaintiff's); Steenhuyse v. UBS Fin. Servs., Inc., 317 F. Supp. 3d 1062, 1069 (N.D. Cal. 2018) (same); Willis v. Xerox Bus. Servs. LLC, No. 1:13-cv-01353-LJO-JLT, 2013 WL 6053831 at *8-9 (E.D. Cal. Nov. 15, 2013)(same); Lopez v. Source Interlink Cos., Inc., No. 2:12-cv-00003-JAM-CKD, 2012 WL 1131543, *3 (E.D. Cal. Mar. 29, 2012)(same), with e.g., Patel v. Nike Retail Servs., Inc., 58 F. Supp. 3d 1032, 1046 (N.D. Cal. 2014) (holding that the state's 75% share can be aggregated with an individual plaintiff for purposes of satisfying the amount in controversy); Mitchell v. Grubhub Inc., Case No. CV 15-05465-BRO (ASx), 2015 WL 5096420, *5 (C.D. Cal. Aug. 28, 2015)(same).

The conflicting conclusions reached by the various district courts are due to differing interpretations of Urbino.[3]

---

[3] Defendant relies extensively on Thomas v. Aetna Health of California, Inc., No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715,

5

1  In Urbino, the defendants contended that the interest asserted by
2  the plaintiff was not his individual interest but rather the
3  state's collective interest in enforcing its labor laws through
4  PAGA.  See Urbino, 726 F.3d at 1122–23.  The Ninth Circuit
5  responded:

> To the extent Plaintiff can, and does, assert anything beyond his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction.  The state, as the real party in interest, is not a 'citizen' for diversity purposes.  See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) (courts 'must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'). . .

See id.

"This language implies that, whether the state is deemed a nominal party or a real party in interest, its interest is not to be considered."  See Hesselink, 2020 WL at *3.  The Urbino court explained that when determining the amount in controversy, aggregation of claims is appropriate "when neither [party] can enforce [the claim] in the absence of the other."  Urbino, 726 F.3d 1122.  However, PAGA "permits either the LWDA or the aggrieved employees to act independently to enforce the Labor Code."  See Hesselink, 2020 WL at *3.  In addition, the position advocated by defendant here -- that the plaintiff in a PAGA claim pursues a common and undivided claim in his role as a proxy for the state and that the amount in controversy should include the

---

at * 19 (E.D. Cal. Jun. 2, 2011) and Schiller v. David's Bridal, Inc., 2010 WL 2793650-AWI-SKO, at * 8 (E.D. Cal. July 14, 2010). However, because both cases pre-date Urbino, the court finds them inapposite here.

6

total civil penalties sought in the action -- was asserted forcefully by the Urbino dissent but ultimately not adopted by the panel.  Thus, Urbino's language leads this court to conclude that the LWDA's penalties should not be aggregated with plaintiff's penalties to determine the amount in controversy.[4]

Plaintiff received nine wage statements reflecting "Premium" wages during his employment tenure.  (See Opp'n to Mot. to Remand at Ex. 2, Nagel Decl. at ¶ 5.)  Plaintiff states that the maximum amount of penalties to which he may be entitled is $562.50, assuming a PAGA penalty of $250 per wage statement for "initial violations" and considering the 75% share of penalties that would go to the LWDA.  (See Reply in Supp. of Mot. to Remand at 5.) (Docket No. 13.)[5]  This does not come close to the $75,000 amount in controversy requirement for diversity jurisdiction, even if the court were to consider attorney's fees.  Because plaintiff's claims fall short of satisfying the amount in controversy requirement, the court concludes that there is no traditional diversity jurisdiction under 28 U.S.C. § 1332.

Nevertheless, because the court originally had

---

[4] Defendant suggests that Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425, 427-440 (9th Cir. 2015) has called into question the continuing validity of Urbino.  However, Sakkab never mentioned Urbino in its analysis and dealt with the issue of whether the Federal Arbitration Act preempted the bar on the waiver of representative claims under PAGA.  See id.  Defendant has cited no case law to support this proposition.  Accordingly, the court does not agree that Sakkab has called into question the validity of Urbino.

[5] Defendant has not contested plaintiff's calculation of his individual penalties or the idea that there would only be penalties for initial violations.

7

diversity jurisdiction over plaintiff's CAFA claim at the time of removal, defendant asks the court to retain supplemental jurisdiction over plaintiff's remaining PAGA claim under 28 U.S.C. § 1367.  See Echevarria v. Aerotek, Inc., 814 F. App'x 321, 322 (9th Cir. 2020).  Federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  But a district court "may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction).

        The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

        Here, comity weighs in favor of declining to exercise supplemental jurisdiction over plaintiff's remaining state law claim because the state court is competent to hear such claims and may have a better understanding of the relevant state law.  As for judicial economy, this action was removed to this court only a little over two months ago and is still in its early

stages.  Judicial economy does not weigh in favor of exercising supplemental jurisdiction.

Lastly, convenience and fairness do not weigh in favor of exercising supplemental jurisdiction.  The federal and state fora are equally convenient for the parties.  There is no reason to doubt that the state court will provide an equally fair adjudication of the issues.  Accordingly, the court declines to exercise supplemental jurisdiction and will remand plaintiff's remaining state law claim.

IT IS THEREFORE ORDERED that this case be, and the same hereby is, REMANDED to the Superior Court of California, in and for the County of San Joaquin.  The Clerk of this Court shall forward a copy of this Order to the Clerk of the Superior Court of California, in and for the County of San Joaquin.

IT IS SO ORDERED.

Dated:  March 9, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE